UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DARREL ARTHUR "ROBERT" BRAUN                CIVIL ACTION

VERSUS                                       NO.  06-2127

CEO NIXON, ET AL.                            SECTION "R" (4)

## ORDER AND REASONS

The plaintiff, Darrel Arthur "Robert" Braun ("Braun"), is incarcerated in the Jefferson Parish Correctional Center in Gretna, Louisiana.  He has filed the above-captioned complaint against CEO Nixon and others, raising what appear to be rambling and delusional allegations regarding a project to build a Freedom Ship in the Gulf of Mexico.

This Court previously denied plaintiff permission to proceed *in forma pauperis* because he failed to provide the certification required by 28 U.S.C. § 1915(a)(2).  Plaintiff has now filed that certification, which the Court construes as a motion for reconsideration of the denial of pauper status.        The Prison Litigation Reform Act of 1996, Pub. L. No. 104-134, 110 Stat. 1321, now codified at Title 28 U.S.C. § 1915(g), provides that a prisoner shall not be allowed to bring a civil action pursuant to § 1915 if he has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed as

frivolous, malicious, or for failure to state a claim for which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

Braun is a frequent litigant in the federal courts. Braun, while incarcerated, has filed more than 20 *pro se* and *in forma pauperis* civil complaints in this court alone. The research of the court's records establishes that at least six of Braun's prior complaints were dismissed as frivolous, malicious and/or for failure to state a claim, including *Braun v. Harry Lee, et al.*, C.A. No. 00-1583 "G"; *Braun v. Bell Phillips Production Co., et al.*, C.A. No. 00-1584 "J"; *Braun v. Viacom Entertainment Production Holding Corporation, et al.*, C.A. No. 00-1838 "R"; *Braun v. University of California Los Angeles County, et al.*, C.A. No. 00-2183 "L"; *Braun v. Los Angeles County of California Transit Bus Line Authority, et al.*, C.A. No. 00-2184 "C"; *Braun v. Pharmaceutical Manufacturer of Ritilin, et al.*, C.A. No. 00-2875 "L." In addition, plaintiff has had numerous requests to proceed *in forma pauperis* denied because he violated the "three strike rule" set out in 28 U.S.C. § 1915(g).[1] Plaintiff's current claims do not involve imminent danger to his physical safety. For the foregoing reasons,

**IT IS ORDERED** that the plaintiff's motion for reconsideration and request to proceed *in forma pauperis* is **DENIED** pursuant to Title 28 U.S.C. § 1915(g).

New Orleans, Louisiana, this ___1st___ day of _____November_____, 2006.

                                        **KAREN WELLS ROBY**
                                   **UNITED STATES MAGISTRATE JUDGE**

---

[1] *Braun v. United States Postal Service, et al.*, No. 06-1857 "A"(2); *Braun v. Braun Construction Services, et al.*, No. 06-1856 "M"(5); *Braun v. Alternative Mortgage Co., et al.*, No. 06-1855 "S"(5); *Braun v. C.B. Pennington Corp., et al.*, No. 06-1854 "D"(4); *Braun v. Hoover Manufacturing Company, et al.*, C.A. No. 01-2857 "M"(1); *Braun v. US Supreme Court, et al.*, C.A. No. 01-0532 "C"(5); *Braun v. State of Louisiana, et al.*, Misc. No. 01-0732 "B"(4); *Braun v. Barriere Cement Crushing Co., Inc., et al.*, Misc. No. 01-1530 "S"(2); *Braun v. Coastal Conservation Association, et al.*, Misc. No. 01-1697 "N"(3); and *Braun v. George Vedros, et al.*, Misc. No. 01-2176 "L"(4).